**COOPERATIVE INSURANCE COMPANIES, Plaintiff–Appellant,**

v.

**Jimmie L. SALLS and Phyllis B. Salls, Defendants–Appellees.**

No. 03–7658.

United States Court of Appeals, Second Circuit.

May 28, 2004.

Richard P. Foote, Middlebury, VT, for Plaintiff–Appellant.

Jimmie L. Salls and Phyllis B. Salls, Woodstock, VT, for Defendants–Appellees, pro se.

Presnet: MINER, POOLER, and KATZMANN, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Cooperative Insurance Companies ("Cooperative") appeals from the findings of fact and conclusions of law, filed May 27, 2003, of the U.S. District Court for the District of Vermont (William K. Sessions, III, Chief Judge), which followed a bench trial on claims arising from a May 31, 2000 fire that destroyed the Roxbury, Vermont home of defendants-appellees, Jimmie and Phyllis Salls ("the Salls"). Cooperative filed this diversity action seeking a declaratory judgment that it was not obligated to indemnify the Salls pursuant to the homeowner's insurance policy issued to them by Cooperative. Cooperative alleged that the fire had been intentionally caused by Jimmie Salls, and that the Salls had misrepresented the fire's cause in order to obtain indemnification under the policy. The Salls counterclaimed for the full $104,000.00 limit of the policy, as well as for expenses and costs incurred as a result of Cooperative's refusal to indemnify them.

The district court held a two-day bench trial in April 2003 at which it heard the testimony of the Salls, police and fire officials, and various other fact witnesses. It also heard the testimony of two expert witnesses offered by Cooperative. In its findings of fact and conclusions of law, the district court entered judgment in the Salls' favor in the amount of $87,530.39, plus $23,798.67 in prejudgement interest.

"On appeal from a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo.*" *Well–Made Toy Mfg. Corp. v. Goffa Int'l Corp.,* 354 F.3d 112, 115 (2d Cir.2003); *see also* Federal Rule of Civil Procedure 52(a). We note in particular that when "reviewing findings for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences." *Ceraso v. Motiva Enterprises, LLC,* 326 F.3d 303, 316 (2d Cir.2003) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

Citing *Lewis v. Cohen,* 157 Vt. 564, 571, 603 A.2d 352, 355 (1991), the district court

correctly determined that Cooperative bore the burden of proving by a preponderance of the evidence that Jimmie Salls had intentionally caused the May 31, 2000 fire. Upon our review of the trial transcript and the submissions of the parties on this appeal, we cannot conclude that the district court committed clear error in concluding that Cooperative had not met this burden.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**